IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Newport News Division

FILED IN OPEN COURT

JAN - 3 2013

CLERK, U.S. DISTRICT COURT
NEWPORT NEWS, VA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 4:12cr28 |
| ) | |
| MICHAEL JAY TUCKER, ) | |
| ) | |
| Defendant. ) | |

## STATEMENT OF FACTS

The parties stipulate that the allegations in Counts Four and Six of the pending indictment and the following facts are true and correct, and that if this matter were to proceed to trial, the United States of America would prove them each beyond a reasonable doubt, by competent and admissible evidence, through the testimony of several witnesses, custodians of record, and items of physical evidence:

1. At all times relevant to the pending indictment in this case, the Happy Shopper convenience store located at 1255 N. King Street, Hampton, Virginia (hereinafter "Happy Shopper") was a business engaged in receiving and selling goods in interstate commerce, in an industry that affects interstate commerce.

2. At all times relevant to the pending indictment in this case, the One Stop Food Mart convenience store located at 780 J. Clyde Morris Boulevard, Newport News, Virginia (hereinafter "Food Mart") was a business engaged in receiving and selling goods in interstate commerce, in an industry that affects interstate commerce.

3. At all times relevant to the pending indictment in this case, the Hardee's restaurant located at 241 S. Mallory Street, Hampton, Virginia (hereinafter "Hardee's") was a

business engaged in receiving and selling goods in interstate commerce, in an industry that affects interstate commerce.

4. The Happy Shopper, Food Mart, and Hardee's referenced in the preceding paragraphs one through three are all located within the Eastern District of Virginia. Each of the robberies depleted the assets of the victim business and interrupted their business.

5. On or about January 22, 2012 the defendant and his co-conspirators, Lindsay Nathaniel George and April Jones, aiding and abetting one another, knowingly and unlawfully robbed employees of the Happy Shopper of United States currency, obtaining that currency without the consent of the Happy Shopper employees.

6. On or about January 23, 2012, the defendant and his co-conspirators, Lindsay Nathaniel George and April Jones, aiding and abetting one another, knowingly and unlawfully robbed employees of both Food Mart and Hardee's of United States currency, obtaining that currency without the consent of the Food Mart and Hardee's employees.

7. During the course of the three robberies described in paragraphs five through six above, the defendant and co-conspirator Lindsay Nathaniel George were driven by co-conspirator April Jones to and from the robberies, where the defendant and George entered Happy Shopper, Food Mart, and Hardee's to commit the robberies, as described in Counts Two, Three, and Five of the pending indictment. Michael Jay Tucker brandished a firearm in each robbery described in counts Four and Six.

8. The three robberies described in paragraphs five through six above were carried out against the will of the Happy Shopper, Food Mart, and Hardee's employees by means of wrongful, actual and threatened force, violence and fear of injury, immediate and future, to their persons, in that the defendant Michael Jay Tucker and co-conspirator Lindsay Nathaniel George,

aiding and abetting each other, used, carried, displayed, possessed, brandished, and pointed a firearm at and in the presence of said employees and demanded United States currency belonging to Happy Shopper, Food Mart, and Hardee's, as charged in Counts Two, Three, and Five of the pending indictment.

9. The defendant stipulates and agrees that he knowingly and willfully agreed and conspired with co-defendants Lindsey Nathaniel George and April Jones to unlawfully obstruct, delay, and affect commerce by robbery, as described in the preceding paragraphs one through eight, in violation of Title 18, United States Code, Section 1951(a) as charged in Count One of the pending indictment in this case, and that such crime is a crime of violence punishable in federal court.

10. The defendant further stipulates and agrees that as a result of his actions and that of his co-conspirators in the robberies described herein, interstate commerce and items moving in interstate commerce were actually or potentially delayed and obstructed.

11. Subsequent to the Food Mart robbery described herein, the defendant and co-conspirator Lindsay Nathaniel George were driven by co-conspirator April Jones to the Raceway convenience store located at 4201 West Mercury Boulevard in Hampton, Virginia. There, defendant Michael Tucker cashed lottery tickets that were stolen in the course of the Food Mart robbery described herein.

12. Following his involvement in the three armed robberies described herein, the defendant Michael Tucker was interviewed by law enforcement officers. After Miranda warnings and a waiver, the defendant admitted his role in the robberies, and provided oral and handwritten statements. He admitted that during the course of the robberies, he was driven by co-conspirator April Jones. Defendant Michael Jay Tucker admitted that he and co-conspirator

3

Lindsay Nathaniel George entered the Happy Shopper, Food Mart, and Hardee's, brandished a firearm at each business and took U.S. currency from each. The defendant Michael Jay Tucker also confessed that he brandished a firearm in furtherance of the robberies and identified co-conspirator Lindsay George as also claiming to possess a firearm in furtherance of the robberies.

13. The defendant acknowledges that this statement of facts does not include every fact known to the government, nor does it include all the evidence that would be presented at trial. It does not contain all the names of persons associated with the defendant or his co-conspirators, nor does it include all of the activities engaged in by the defendant and his co-conspirators in the course of the criminal conduct set forth in the pending indictment.

14. The defendant further stipulates and agrees that his participation in the events described herein was undertaken knowingly, willfully, intentionally, and unlawfully and not as a result of accident, mistake, or other innocent reason.

Respectfully Submitted,

NEIL H. MACBRIDE
UNITED STATES ATTORNEY

By: _____
Rebecca A. Staton
Special Assistant United States Attorney
Attorney for the United States
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
757.591.4000
Rebecca.staton3@usdoj.gov

After consulting with my attorney and pursuant to the plea agreement entered into between the defendant, MICHAEL JAY TUCKER, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States could prove these facts beyond a reasonable doubt.

_____
MICHAEL JAY TUCKER
Defendant


I am counsel for the defendant, MICHAEL JAY TUCKER. I have carefully reviewed the above Statement of Facts with her. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Kevin Diamonstein
Counsel for MICHAEL JAY TUCKER