IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Newport News Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | CRIMINAL NO.4:12-cr-28 |
| MICHAEL JAY TUCKER, | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
TO FOR ADDITIONAL MENTAL HEALTH EVALUATION**

The United States of America, by and through its attorneys, Neil H. MacBride, United States

Attorney for the Eastern District of Virginia, and Rebecca Staton, Special Assistant United States

Attorney, moves this Court to deny defendant Michael Jay Tucker's motion for an additional mental

health evaluation.  In response to this motion, the Government offers the following:

The defendant's motion should be denied.  Based on the first mental health evaluation, the

defendant clearly understood the nature and quality of his acts, and knew them to be wrongful.  Any

additional evaluation would only waste resources and delay the conclusion of these proceedings.

The defendant should not be allowed to withdraw from his provident guilty plea, and this Court

should proceed to sentencing.

Title 18, United States Code § 17 allows a defendant to present an affirmative defense to

prosecution only if, at the time of the commission of the offense, he was suffering from a severe

mental disease or defect that caused him to be unable to appreciate the nature and quality or the

wrongfulness of his actions.  The statute requires a jury to find "(1) there is a high probability that

the defendant (2) was unable to appreciate the nature and quality or the wrongfulness of his acts (3)

at the time he committed the acts constituting the offense (4) as a result of a mental disease or defect

which is (5) severe." *United States v. Long*, 562 F.3d 325, 322 (5th Cir. 2009).  This defense is quite limited, and "leaves no room for a defense that raises any form of legal excuse based upon one's lack of volitional control including a diminished ability or failure to reflect adequately upon the consequences or nature of one's actions." *United States v. Worrell*, 313 F.3d 867, 872 (4th Cir. 2002).

On May 16, 2012, this Court ordered a mental health evaluation to determine whether the defendant was competent to stand trial and whether he was insane at the time of the offense.  That evaluation was completed at the BOP facility in Springfield, Missouri.  A board certified forensic psychologist analyzed mental health and medical records surrounding the time of the offense, observed the defendant for 42 days, and interviewed him multiple times.  On July 27, 2012, the psychologist finalized the forensic report, which was released to the parties in late August.  The defendant was diagnosed with Postraumatic Stress Disorder (by history) and Borderline Personality Disorder.  Specifically as to sanity at the time of the offense, the psychologist found that these diagnoses fail to qualify as severe mental diseases or defects.  Further, the defendant's statements during interviews and conduct around the time of his criminal acts indicate he clearly understood the nature and quality of his acts and that his acts were wrongful.  Finally, the psychologist concluded that neither mental disorder precluded the defendant's ability to appreciate the nature and quality, or the wrongfulness of his acts.

On January 3, 2013, the defendant entered a plea of guilty.  [D.E. 71]  In doing so, he agreed that "his participation [in the robberies] was undertaken knowingly, willfully, intentionally, and unlawfully and not as a result of accident, mistake, or other innocent reason." [D.E. 70] at 4.  The

Court scheduled a sentencing hearing for April 26, 2013. [D.E. 72].  On March 21, 2013, the probation officer released the Presentence Investigation Report (hereinafter "PSR").

On April 15, 2013, eleven days before sentencing, the defendant filed the instant motion. The defendant claims the forensic report, released to the parties in August 2012, was complied without the "essential and necessary information" required to reach a reasoned conclusion.  He also states that  the PSR contains information unknown to the BOP psychologist that would impact her determinations.  Specifically, the defendant cites the verification that he was born a "crack baby," mentally retarded, with fetal alcohol syndrome, and suffered sexual abuse by his mother and father, as well as physical abuse by other care givers.

No additional psychological examination is required in this case.  First, the defendant has baldly claimed that the conclusions were made without "essential and necessary" information. Whether the information is truly essential and necessary is a question that should be answered by the authoring psychologist.  Warden Sanders letter states that the psychologist is available for additional information by telephonic or video conference.  Any hearing on this matter should include the participation of the BOP psychologist.

Second, the information cited by the defendant's diagnosis of "mild mental retardation . . . was later recanted."  PSR ¶ 44.  No information in the PSR or the record suggests the defendant to have been even mildly mentally retarded at the time of the offense.  Further, the allegations of abuse were known to the psychologist and the psychologist assumed them to be true in making the diagnosis of Posttraumatic Stress Disorder (by history).

Finally, the information cited by the defendant is immaterial to whether the defendant was able to appreciate the nature and quality of the wrongfulness of his actions.  Even if the defendant

was suffering from a serious mental disease or defect, that alone would be insufficient to prove his

insanity at the time of the offense.  18 U.S.C. § 17; *Long*, 562 F.3d at 338-39.  Because the defendant

appreciated the nature and quality and the wrongfulness of his acts, his mental disease is irrelevant.

Here, the forensic report is clear:

> Based on Mr. Tucker's account of the alleged offense, he clearly understood the
> nature and quality of his acts.  He understood that committing the acts of robbery
> were wrong.  Specifically, he mentioned asking his brother if he should contact
> police following the first robbery incident and while contemplating the second
> robbery.  He also made a statement during his interview with us that **"I knew I
> would get in trouble."** . . . During his accounts of the crimes, he did not reference
> any thoughts with delusional content.  **He denied any signs or symptoms of
> psychosis which may have interfered with his ability to think or act rationally.**

Forensic Addendum p. 8 (emphasis added).  Thus, the diagnosis of a more serious mental health

condition than Posttraumatic Stress Disorder (by history) and Borderline Personality Disorder would

have no effect on the defendant's ability to mount a successful insanity defense to the charges in the

indictment.  The defendant knew his conduct was wrong, and he was therefore legally sane at the

time of the offense.

For the reasons stated above, the government requests that this Court deny defendant's

motion and proceed with sentencing.

.

Respectfully submitted,

Neil H. MacBride

United States Attorney

By:          /s/          

Rebecca Staton
Special Assistant United States Attorney
Attorney for the United States of America
United States Attorney's Office for the
Eastern District of Virginia
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Tel. (757) 591-4000
Fax: (757) 591-0866
Rebecca.Staton3@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of April, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Kevin M. Diamonstein, Esq.
Patton, Wornom, Hatten & Diamonstein, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, VA 23602
Phone: (757) 223-4484
Email: kdiamonstein@pwhd.com

          /s/          

Rebecca Staton
Special Assistant United States Attorney
Attorney for the United States of America
United States Attorney's Office for the
Eastern District of Virginia
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Tel. (757) 591-4000
Fax: (757) 591-0866
Rebecca.Staton3@usdoj.gov

5