IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
VIRGINIA Newport News Division

| | |
|---|---|
| UNITED STATE OF AMERICA ) | |
| v. ) | CRIMINAL NO. 4:12CR28 |
| MICHAEL J. TUCKER ) | |

**GOVERNMENTS OPPOSITION TO THE**
**DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA**

Comes now, counsel for the United States, Special Assistant United States Attorney Jonathan A. Ophardt, requests this Honorable Court to deny the defendant's motion to withdraw his guilty plea entered on January 3, 2013 before the Honorable Douglas E. Miller, United States Magistrate Judge. In support of its motion, counsel for the United States provides the following background information and relies upon the following points and authorities.

**BACKGROUND**

On January 3, 2013, defendant Michael J. Tucker ("defendant") pled guilty in magistrate court to Counts Four and Six of the indictment charging him with two counts of Brandishing of a Firearm During a Crime of Violence, in violation of 18 U.S.C. 924(c). After obtaining the consent of the government and defendant, the Honorable Douglas E. Miller, United States Magistrate Judge conducted a comprehensive Rule 11 colloquy with the defendant[1] during the hearing held on January 3, 2013. In the plea agreement, which was reviewed by the magistrate court, the defendant represented to the magistrate judge that he understood that there was a

---

[1] The transcript of the Rule 11 hearing and colloquy has been ordered by the Court. The transcript was not available to the government at the time of writing this motion.

1

mandatory minimum sentence of thirty-two (32) years that would be imposed for Counts Four and Six of the indictment. Under oath, the defendant made representations to the magistrate court regarding his understanding of the mandatory minimum and further admitted the facts contained in the Statement of Facts. He also stated that he was satisfied with the effective assistance of his counsel. At the end of the hearing, Judge Miller received the defendant's plea of guilty and scheduled a sentencing hearing before this Court.

On July 2, 2013, counsel for the defendant filed a motion to withdraw as counsel. See Attachment A. In that motion, counsel outlined his extensive efforts on behalf of the defendant, which included 19 meetings prior to the defendant's plea of guilty to discuss his case, as well as counsel's subsequent filings to the Rule 11 hearing. That motion was heard by this Court and denied on July 9, 2013. Over six months from entry of his guilty plea, the defendant via letter, requested that he be allowed to withdraw his guilty plea on July 7, 2013. On July 17, 2013, counsel for the defendant filed a motion to withdraw the defendant's guilty plea that is presently before the Court.

## ARGUMENT

There is no absolute right to withdraw a guilty plea. *See United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir.1995) (*citing United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991)). Federal Rule of Criminal Procedure 11(d)(2)(B) provides the circumstances that allow a defendant to withdraw his plea. The rule states: "A defendant may withdraw a plea of guilty or nolo contendre…(2) after the court accepts the plea, but before it imposes sentence if: …(B) the defendant can show a fair and just reason for requesting the withdrawal." The defendant has the burden of showing a fair and just reason for withdrawal. *Moore*, at 248. A fair and just reason for withdrawing a guilty plea "is one that 'essentially challenges…the fairness of the Rule 11

2

proceeding." *United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir.1995) (*quoting United States v. Lambey*, 974 F.2d 1389, 1393 (4th Cir. 1992)). There is a strong presumption that a defendant's guilty plea is binding and voluntary if the defendant received an adequate Federal Rule of Criminal Procedure Rule 11 hearing. *Puckett*, 61 F.3d at 1099. "Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields v. Attorney General*, 956 F.2d 1290, 1299 (4th Cir. 1992), (*citing Blackledge v. Allison*, 431 U.S. 63, 74-75 (1977)). In short, "a properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn." *United States v. Bowman*, 348 F.3d 408, 414 (4th Cir. 2003).

The Court is to consider the following factors in determining whether the defendant has met his burden under Rule 11(d) of showing a fair and just reason for the withdrawal of a guilty plea:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserting his legal innocence; (3) whether there has been delay between the entering of the plea and the filling of the motion; (4) whether the defendant has had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; (6) and whether it will inconvenience the court and waste judicial resources. *Ubakanma*, 215 F.3d at 424; *see also Moore*, 931 F.2d at 248.

The Fourth Circuit has held that all of the *Moore* factors should be considered, but has stated that the critical factor is whether the plea was knowing and voluntary, which hinges on the Rule 11 colloquy. *United States v. Faris*, 388 F.3d 452,456 (4th Cir. 2004). Absent compelling evidence to the contrary, "the trust of sworn statements made during a Rule 11 colloquy is conclusively established." *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005.) "A defendant's solemn declarations in open court affirming a [a plea] agreement…carry a strong presumption of verity,' because courts must be able to rely on the defendant's statements made

3

under oath during a properly conducted Rule 11 plea colloquy. *Lemaster*, 403 F.3d at 221. *See also United States v. Craig*, 985 F.2d 175 (4th Cir. 1993) (holding that defense counsel's explanation of his advice to the defendant and properly conducted Rule 11 proceeding supported the district courts implicit rejection of the defendant's claim that his counsel had bullied him into pleading guilty.)

In this case, the defendant alleges in an unsworn statement that his counsel made him sign the plea agreement as well as an allegation that the defendant committed the crimes he pled guilty to under duress. This is the only support the defendant has for his contentions, which are in direct contradiction to his sworn Rule 11 affirmations he made about his attorney's effectiveness and his willingness to enter a plea of guilty. This unsworn statement is not compelling evidence that should lead this Court to allow the defendant to withdraw his plea of guilty. Under *Lemaster*, the defendant's motion, which relies upon the defendant's written letter to the Court, does not overcome the strong presumption of verity that the defendant's sworn statements affirming the plea agreement carries. *See United States v. Leech*, 409 F.App'x 663,637 (4th Cir. 2011) (upholding denial of motion to withdraw where withdrawal reasons were based on unsworn statement that put defendant in the "untenable position of arguing that he was lying under oath during his sworn testimony in the Rule 11 hearing, but was telling the truth in his unsworn statement in his motion to withdraw his guilty plea.").

Applying the factors outlined in *Moore*, it is clear that the Court should deny the defendants motion without holding an evidentiary hearing. First the defendant does not present any credible evidence that his plea was not knowing or voluntary such that an evidentiary hearing is required. That defendant's unsworn statements should not control is substantiated by his counsel's extensive meetings with the defendant and the sworn answers the defendant gave to

4

this Court during the Rule 11 hearing. In the contrary, via his letter to the Court, he acknowledges the proceedings and seems to be regretful of his decision to plead rather than asserting an involuntary plea. Second, the defendant's assertion of coercion lacks credibility when the facts of the case as outlined in the official version are examined. In Paragraph 9 of the Statement of Facts, the conduct of the defendant was described as "knowingly" and "willfully" in relation to his participation in the armed robberies and conspiracy with his codefendants. Third, there was a lengthy delay from the time of the plea to the filing of this motion (over six months) which is further indicative of the defendants regret, and not of a defect in the proceedings. *See Moore*, 937 F.2d at 248 (Court held that a six week delay before giving notice of his desire to withdraw his plea was a long delay); *Craig*, 985 F.2d at 178 (holding that an eight week delay between the plea hearing and the first motion to withdraw the defendant's plea militates against withdrawal.) Fourth, the defendant had close assistance of competent counsel. See generally, Attachment A. It is clear that defense counsel spent a voluminous amount of time with the defendant reviewing discovery, the indictment, elements of the offense and concerns over the defendant's mental status. Fifth, as so much time has passed since indictment, the government will be prejudiced by the delay if the Court were to grant the defendant's motion as the governments' evidence is now stale as the case has been so delayed. Sixth and finally, granting of this motion will inconvenience the Court and waste judicial resources. Accordingly, each and every *Moore* factor weighs in favor of denying the defendant's motion.

## **CONCLUSION**

Based on the above, the government respectfully requests that the Court deny without an evidentiary hearing, the defendant's motion to withdraw his guilty plea because the defendant has not met his burden under Federal Rule of Criminal Procedure 11 as he has failed to show a fair and just reason for such a withdrawal.

                                                   Respectfully submitted,

                                                   NEIL H. MCBRIDE
                                                 UNITED STATE ATTORNEY

By: _____/s/_____
           Jonathan A. Ophardt
           Special Assistant United States Attorneys
           Attorney for the United States of America
           United States Attorney's Office for the
           Eastern District of Virginia
           Fountain Plaza Three, Suite 300
           721 Lakefront Commons
           Newport News, Virginia 23606
           Tel. (757) 591-4000
           Fax: (757) 591-0866
           Jon.Ophardt@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of July, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filin (NEF) to the following:

> Kevin M. Diamonstein, Esq.
> Patton, Wormon, Hatten and Diamonstein, L.C.
> 12350 Jefferson Avenue, Suite 300
> Newport News, Virginia 23602
> Phone: (757) 223-4484
> Email: Kdiamonstein@pwhd.com

By: _____/s/_____
Jonathan A. Ophardt
Special Assistant United States Attorneys
Attorney for the United States of America
United States Attorney's Office for the
Eastern District of Virginia
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Tel. (757) 591-4000
Fax: (757) 591-0866
Jon.Ophardt@usdoj.gov