```
 1                 IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
 2                       Newport News Division

 3

 4     - - - - - - - - - - - - - - - - - -
                                          )
 5      UNITED STATES OF AMERICA,          )
                                          )
 6              Plaintiff                  )    CRIMINAL ACTION NO.
                                          )    4:12cr28
 7      v.                                 )
                                          )
 8      MICHAEL JAY TUCKER,                )
                                          )
 9              Defendant.                 )
       - - - - - - - - - - - - - - - - - -
10

11

12                     TRANSCRIPT OF PROCEEDINGS

13                        Norfolk, Virginia

14                        January 3, 2013

15

16    BEFORE:  THE HONORABLE DOUGLAS E. MILLER
                 United States Magistrate Judge

17

18    APPEARANCES:

19             UNITED STATES ATTORNEY'S OFFICE
                 By:  Howard Zlotnick
20                     Assistant United States Attorney
                       Counsel for the United States
21
               PATTON, WORNOM HATTEN & DIAMONSTEIN LC
22               By:  Kevin M. Diamonstein
                       Counsel for the Defendant
23

24

25
```

1            (Hearing commenced at 2:09 p.m.)

2            THE CLERK:  United States of America versus Michael

3    Jay Tucker, case number 4:12cr28.

4            Are counsel ready to proceed in this matter?

5            MR. ZLOTNICK:  Government is ready to proceed, Your

6    Honor.

7            THE COURT:  Good afternoon, Mr. Zlotnick.

8            MR. DIAMONSTEIN:  Defendant is ready to proceed.

9    Good afternoon, Your Honor.

10            THE COURT:  Good afternoon, Mr. Diamonstein.

11            All right.  Mr. Diamonstein, it's my understanding

12    that Mr. Tucker has reached an agreement to plead guilty to

13    two counts of the indictment.  Is that your understanding of

14    the agreement?

15            MR. DIAMONSTEIN:  That's correct.

16            THE COURT:  Have you had adequate time to review all

17    these matters with your client?

18            MR. DIAMONSTEIN:  We have, Judge.

19            THE COURT:  You are ready to proceed?

20            MR. DIAMONSTEIN:  We're ready to proceed.

21            THE COURT:  If you and Mr. Tucker would come to the

22    podium, please.

23            Is your name Michael Jay Tucker?

24            THE DEFENDANT:  Yes, sir.

25            THE COURT:  Mr. Tucker, this case is assigned to

```
1    United States District Judge Mark Davis.  It's my
2    understanding you've reached a plea agreement with the
3    Government and intend to plead guilty, but before accepting
4    your plea, the Court has to advise you of certain rights.
5    You're entitled to insist on having this hearing proceed by
6    Judge Davis but Judge Davis has requested that I conduct it
7    instead.
8            Before proceeding I have to obtain your written
9    consent.  I'm a United States Magistrate Judge.  I have a
10   document indicating that you did consent to these
11   proceedings.  Did you review and sign this document?
12           THE DEFENDANT:  Yes, sir.
13           THE COURT:  And did Mr. Diamonstein answer any
14   questions you had about it?
15           THE DEFENDANT:  Yes, sir.
16           THE COURT:  Mr. Diamonstein, did you also consent to
17   proceed before magistrate judge?
18           MR. DIAMONSTEIN:  We did, Your Honor.
19           THE COURT:  And, Mr. Zlotnick, on behalf of the
20   Government, did you join in this consent?
21           MR. ZLOTNICK:  Yes, sir.
22           THE COURT:  All right.  I'll accept the consent and
23   file it.
24           Mr. Tucker, based on your consent, we'll go forward.
25           Before accepting your guilty plea, the Court is
```

1    required to inform you of your rights in the matter, be

2    satisfied that you understand those rights, and that you're

3    entering this guilty plea, or I should say, these guilty

4    pleas, freely and voluntarily.  In order to do that, in a

5    moment I'm going to ask the clerk to place you under oath,

6    and I'll be asking you a series of questions to make sure you

7    understand your rights and that you are, in fact, guilty of

8    these offenses.

9             Do you understand that?

10            THE DEFENDANT:  Yes, sir.

11            THE COURT:  It's important that you understand my

12   questions.  So if you don't understand my question for any

13   reason, I'm going to ask you to stop me and interrupt me and

14   ask me to rephrase my question.  Will you agree to do that?

15            THE DEFENDANT:  Yes, sir.

16            THE COURT:  You can confer with Mr. Diamonstein at

17   any time during this process, but your answers must be your

18   answers, not what your attorney or anyone else has told you

19   to say.  You understand that?

20            THE DEFENDANT:  Yes, sir.

21            THE COURT:  Finally, if your answers prove to be

22   untrue and material to the proceedings, those answers may be

23   used against you in a prosecution for perjury or false

24   statement.  Do you understand this?

25            THE DEFENDANT:  Yes, sir.

1           THE COURT:  All right.  Mr. Diamonstein, would you

2    move the microphone just slightly so that he can be directed

3    into it.  You raise it up a little.

4           All right.  Ms. Armistead, would you please swear

5    the defendant.

6           (Defendant was sworn.)

7    BY THE COURT:

8    Q.  Is your correct name Michael Jay Tucker?

9    A.  Yes, sir.

10   Q.  And are you the person named in the indictment which

11   bears criminal number 4:12cr28?

12   A.  Yes, sir.

13   Q.  How old are you?

14   A.  20 years old, sir.

15   Q.  And how far did you go in school?

16   A.  GED, sir.

17   Q.  Then you are able to read, write and speak the English

18   language and understand what I'm saying to you now?

19   A.  Yes, sir.

20   Q.  As you stand there today are you under the influence of

21   any drugs, narcotics, marijuana or alcohol?

22   A.  No, sir.

23   Q.  Have you ever been treated for any mental illness or

24   addiction to narcotic drugs?

25   A.  No, sir.

1          MR. DIAMONSTEIN:  He was treated on competency

2    evaluation back several months in Missouri, so I think he may

3    have been managed at that particular time.

4          THE COURT:  All right.

5    BY THE COURT:

6    Q.  Mr. Tucker, your attorney's explained that you had some

7    treatment for mental health issues; is that correct?

8    A.  Yes, sir.

9    Q.  And was it a few months ago that you had this treatment?

10   A.  Yes, sir.

11   Q.  Is there anything about that treatment or your condition

12   that would affect your ability to understand these

13   proceedings today?

14   A.  No, sir.

15   Q.  All right.  And I'll reiterate that if you don't

16   understand the proceedings for any reason, please stop me and

17   ask me to explain.  Will you agree to do that?

18   A.  Yes, sir.

19   Q.  Are you taking any medication today?

20   A.  No, sir.

21   Q.  Are you suffering from any illness today that might

22   affect your ability to understand these proceedings?

23   A.  No, sir.

24   Q.  Have you received a copy of the indictment pending

25   against you?

1   A.   Yes, sir.

2   Q.   Have you reviewed the charges in the indictment with your

3   attorney?

4   A.   Yes, sir.

5   Q.   You understand the charges against you?

6   A.   Yes, sir.

7   Q.   You're charged with six counts in the indictment, and it

8   is my understanding that you have agreed to plead guilty to

9   two of those counts, count four and count six.  Is that your

10   understanding of the plea agreement?

11   A.   Yes, sir.

12   Q.   I'm going to explain to you the elements that the United

13   States would have to prove in order to convict you of these

14   two counts.  Do you understand?

15   A.   Yes, sir.

16   Q.   Both of these counts charge the same violation.  They

17   both allege that you used, carried, possessed and brandished

18   a firearm during and in relation to and in furtherance of a

19   crime of violence, in violation of Title 18 of the United

20   States Code, Section 924(c)(1) and (2).

21        In order to convict you of this offense, the offense

22   charged in counts four and count six, the United States would

23   have to prove each of these elements beyond a reasonable

24   doubt:  that in the Eastern District of Virginia, you

25   committed a crime of violence for which you could be

1   prosecuted in a court of the United States.  This could

2   include the crimes of conspiracy, obstruct, delay and affect

3   commerce by robbery, which was charged in count one of the

4   indictment, as well as the crimes of interference with

5   commerce by robbery, which was charged in counts three and

6   five of the indictment, that during and in relation to the

7   committing of these crimes, you either knowingly used,

8   carried, possessed and brandished a firearm, or that you

9   aided and abetted, counseled, commanded or induced another

10  person to use, carry and possess -- excuse me, to use, carry,

11  possess and brandish a firearm, and that your use, carrying,

12  possessing and brandishing of the firearm was during and in

13  relation to the crime of violence.

14          Do you understand the elements the United States

15  would have to prove in order to convict you on counts four

16  and count six?

17  A.   Yes, sir.

18  Q.   In order to prove brandishing, the United States would

19  have to prove that you displayed all or part of the firearm

20  or otherwise made the presence of the firearm known to

21  another person in order to intimidate that person, regardless

22  of whether the firearm was directly visible to that person.

23  Do you understand the definition of the term brandished?

24  A.   Yes, sir.

25  Q.   The United States would have to prove two separate

1  instances of this conduct in order to convict you on both

2  counts.  You understand that?

3  A.  Yes, sir.

4  Q.  Both counts charge the same offense but the United States

5  would have to prove two offenses in order to convict you of

6  both counts.  Do you understand?

7  A.  Yes, sir.

8  Q.  I'm now going to explain the maximum punishment that the

9  Court can impose for both of these offenses.  Do you

10  understand?

11  A.  Yes, sir.

12  Q.  The maximum penalty for the conviction on count four is

13  life in prison, a fine not exceeding $250,000, or both, full

14  restitution, a special assessment of $100, and five years of

15  supervised release.  This offense also carries a mandatory

16  minimum term of imprisonment of seven years.  Do you

17  understand the penalty provided for a conviction on count

18  four?

19  A.  Yes, sir.

20  Q.  Count six is the same offense; however, because it would

21  be your second or subsequent conviction, it carries a

22  different punishment.  The maximum penalty provided for a

23  conviction on count six is life in prison, a fine of

24  $250,000, or both, full restitution, a special assessment of

25  $100, and five years of supervised release.  But because

1  count six would be your second conviction under this statute,

2  this second conviction would carry a mandatory minimum term

3  of imprisonment of 25 years.  You understand the penalty

4  prescribed for a second conviction under this statute?

5          THE COURT:  You need to speak to Mr. Diamonstein?

6          (Defendant and counsel conferring. )

7          MR. DIAMONSTEIN:  Judge, I think you need to explain

8  two separate offenses here.  The first one carries a

9  mandatory minimum of seven years because it was a display of

10 the firearm, the brandishing.  The second offense has a

11 mandatory minimum second offense of 25 years.

12         THE COURT:  That is what I'm trying to do, Mr.

13 Diamonstein.  I think I'm accurately reciting it, and I want

14 to make sure that Mr. Tucker understands.

15 BY THE COURT:

16 Q.  Mr. Tucker, the mandatory minimum for a second offense

17 brandishing conviction is 25 years in prison.  Do you

18 understand this, not seven years, it's 25 years?

19 A.  I understand.  I'm sorry now, sir.

20 Q.  Do you understand now that -- this second offense

21 conviction will happen if Judge Davis finds you guilty on

22 both of these charges.  Do you understand that?

23 A.  Yes, sir.

24 Q.  In other words, the second conviction can happen in the

25 same proceeding, the same trial, but the United States would

1   have to prove two separate instances of brandishing, and they

2   have alleged in the indictment that you were involved in

3   two -- actually, they have alleged three robberies but it's

4   my understanding you're pleading guilty to two robberies.

5   These were both separate robberies, and the Government has

6   alleged, and it's my understanding you will plead guilty to

7   brandishing a firearm in both of these robberies.  And if

8   that happens, and Judge Davis finds you guilty on both

9   offenses, the second offense will carry a mandatory minimum

10  of 25 years in prison.  Do you understand that?

11  A.  Yes.  Yes.  Yes, sir.

12  Q.  Also, the statute requires that the sentence on both of

13  these offenses run consecutively, that is, one after the

14  other, not at the same time.  Do you understand that?

15  A.  Yes, sir.

16  Q.  And as a result, if you're found guilty of both of these

17  offenses, the mandatory minimum, minimum term of imprisonment

18  will be 32 years.  Do you understand that?

19  A.  Yes.

20  Q.  The maximum for each offense is life in prison.  Do you

21  understand that?

22  A.  Yes, sir.

23  Q.  This case also involves restitution, which is addressed

24  in your plea agreement at Paragraph 8.  In addition to any

25  sentence of incarceration the Court may impose, you may be

1   required to make restitution or compensate any victim who has

2   suffered a loss caused by any of the facts for which you are

3   pleading guilty.  Do you understand this?

4   A.  Yes, sir.

5   Q.  Any person who has suffered a loss as a result of these

6   acts may be the subject of a restitution order and that

7   restitution order may be made part of your sentence and it

8   would have the effect of a judgment against you.  Do you

9   understand this?

10  A.  Yes, sir.

11  Q.  The calculation of restitution amount may take some time,

12  and as a result the United States has indicated that you have

13  agreed to permit the restitution order to be entered after

14  sentencing.  Do you understand this?

15  A.  Yes, sir.

16  Q.  Ordinarily, the United States would be required to

17  finalize the amount of the restitution order no later than 90

18  days after sentencing.  However, in your plea agreement you

19  have agreed to that 90-day limitation and permit the United

20  States to request, and you would not object to entry of a

21  restitution at any time after sentencing.  Do you understand

22  this?

23  A.  Yes, sir.

24  Q.  These offenses are both felonies.  If you're adjudged

25  guilty of a felony, that judgment may deprive you of valuable

1  civil rights, including the right to vote, the right to hold

2  public office, the right to serve on a jury, and the right to

3  possess a firearm.  Do you understand this?

4  A.  Yes, sir.

5  Q.  Also, the cost of your prosecution, the cost of your

6  incarceration, supervision or probation may be assessed

7  against you if the Court determines that you have the funds

8  to pay those costs.  Do you understand this?

9  A.  Yes, sir.

10 Q.  You'll also be required to pay a special assessment of

11 $100 for each count of conviction, and this special

12 assessment is required whether or not you have the ability to

13 pay.  Do you understand this?

14 A.  Yes, sir.

15 Q.  Are you aware that the special assessment must be paid

16 prior to sentencing in the case?

17 A.  Yes, sir.

18 Q.  In addition to any period of incarceration the Court

19 imposes, there may be a period of supervised release.  The

20 period of supervised release specified for both of these

21 counts is five years each.  If you're placed on supervised

22 release, and you fail to abide by the conditions imposed on

23 you, that may subject you to an additional period of

24 confinement.  Do you understand this?

25 A.  Yes.

```
1   Q.   Have you read your plea agreement?
2   A.   Yes, sir.
3   Q.   I'm going to ask Mr. Wallace to hand you this copy of the
4   plea agreement, which has been provided to me, and, Mr.
5   Tucker, I'm going to ask you to review the plea agreement and
6   tell me if you recognize this document as a copy of your plea
7   agreement in the case?
8   A.   Yes, sir.
9   Q.   And did you review that copy with your attorney?
10  A.   Yes, sir.
11  Q.   And did you initial each page and sign at the back?
12  A.   Yes, sir.
13            THE COURT:  Mr. Diamonstein, did you also review,
14  initial and sign the plea agreement?
15            MR. DIAMONSTEIN:  I did.
16            THE COURT:  Mr. Zlotnick, on behalf of the United
17  States, did you review, initial and sign the plea agreement?
18            MR. ZLOTNICK:  I did, sir.
19            THE COURT:  And, Mr. Zlotnick, other than -- you can
20  return it, if you would.
21            Mr. Zlotnick, other than the plea offer contained in
22  this written agreement, were there any other plea offers
23  extended to Mr. Diamonstein in the case?
24            MR. ZLOTNICK:  No, Your Honor.
25            THE COURT:  Mr. Diamonstein, do you confirm that the
```

1    only offer to plea that was extended to Mr. Tucker is the one

2    contained in the written --

3          MR. DIAMONSTEIN:  This is the only offer that we

4    received from the Government.

5          THE COURT:  All right.

6    BY THE COURT:

7    Q.  Mr. Tucker, do you understand you have a right to plead

8    not guilty to these charges?

9    A.  Yes, sir.

10   Q.  If you've already entered a not guilty plea, you have a

11   right to persist in that plea.  Do you understand that right?

12   A.  Yes, sir.

13   Q.  If you were to plead not guilty or persist in your prior

14   plea of not guilty, you would be entitled to a speedy and

15   public trial by a jury.  At that trial you have the right to

16   the assistance of an attorney, the right to confront and

17   cross-examine the Government witnesses, and you cannot be

18   compelled to incriminate yourself.  Do you understand this

19   right?

20   A.  Yes, sir.

21   Q.  If you were to plead not guilty and proceed to trial, you

22   may not be compelled to testify, and if you decide not to

23   testify, neither the Court nor the jury may draw any

24   inference from your decision not to testify.  Do you

25   understand that?

1   A.  Yes, sir.

2   Q.  Do you understand that by pleading guilty you give up

3   your right to a trial?

4   A.  Yes, sir.

5   Q.  Do you understand by pleading guilty you give up your

6   right not to testify?

7   A.  Yes, sir.

8   Q.  If the Court accepts your guilty plea, there will be no

9   further trial of any kind in the matter.  Do you understand

10  this?

11  A.  Yes, sir.

12  Q.  If you were to plead not guilty, the United States would

13  have the burden of convincing every member of a 12-person

14  jury of your guilt by competent evidence beyond a reasonable

15  doubt.  Do you understand this?

16  A.  Yes, sir.

17  Q.  At trial, you would have the right to use the power and

18  process of this court to compel the production of evidence,

19  including the attendance of witnesses on your behalf, but if

20  the Court accepts your guilty plea, you lose that right.  Do

21  you understand?

22  A.  Yes, sir.

23  Q.  If you persist in your desire to plead guilty, the Court

24  may ask you questions about the offense and your conduct

25  giving rise to these charges.  If you answer these questions

1    under oath, in the presence of your attorney, and your

2    answers later prove to be false and material to the

3    proceedings, those answers may be used against you in a

4    prosecution for perjury or false statement.  Do you

5    understand this?

6    A.  Yes, sir.

7    Q.  Do you feel that any of your constitutional rights have

8    been violated in any way with regard to the seizure of any

9    evidence in this case?

10   A.  No, sir.

11   Q.  Do you feel that any of your constitutional rights have

12   been violated with regard to the taking of any statement from

13   you?

14   A.  No, sir.

15   Q.  Do you feel that any of your constitutional rights have

16   been violated by any person in connection with the

17   prosecution of this case thus far?

18   A.  No, sir.

19   Q.  Has anyone, including your attorney or the attorney for

20   the United States, made any promise of leniency or any

21   promise of any kind in return for your guilty plea other than

22   what is contained in your written plea agreement?

23   A.  No, sir.

24   Q.  Has anyone threatened you in any way or tried to use

25   force against you to encourage you to plead guilty?

1    A.  No, sir.

2    Q.  You understand that if the prosecution has agreed to

3    recommend a particular sentence in the case that the

4    prosecutor's recommendation will not be binding on Judge

5    Davis when you are sentenced?

6    A.  I don't know what that means.  Sorry.

7    Q.  I don't know whether there has been any discussion about

8    a recommended sentence or whether the attorneys are

9    discussing a recommended sentence or an agreed sentence, but

10   there is nothing in your plea agreement about a recommended

11   sentence.

12          So if there has been a discussion, whatever

13   discussion the attorneys have had would not be binding on the

14   Court.  That is, Judge Davis would not be required to follow

15   your attorney's recommendation or anyone's recommendation

16   regarding an appropriate sentence.  Do you understand this?

17   A.  Yes, sir.

18   Q.  So other than what is contained in your agreement, has

19   anyone made any promise to you or discussed with you any

20   recommendation that they think the judge might follow with

21   regard to your sentence?

22   A.  No, sir.

23   Q.  Have you had the opportunity to discuss your case with

24   Mr. Diamonstein?

25   A.  Yes, sir.

1  Q.  Have you discussed all of the facts of the case with him?

2  A.  Yes, sir.

3  Q.  Are you satisfied that he's fully considered all of the

4  facts and discussed with you any possible defenses you may

5  have to these charges?

6  A.  Yes, sir.

7  Q.  You understand that if you are sentenced to prison for

8  this crime, there is no parole in the federal system?

9  A.  Yes, sir.

10  Q.  Although the statute under which you are charged sets

11  forth maximum and minimum sentences which can be imposed,

12  sentencing guidelines have been established which will be

13  consulted in determining the actual sentence to be imposed

14  upon you.  Do you understand this?

15  A.  Yes, sir.

16  Q.  Are you aware that the sentence recommended by the

17  guidelines will be based in part on the actual conduct in

18  which you engaged?  Do you understand what I mean by that?

19  A.  No.

20  Q.  One of the factors that the guidelines consider is what

21  you actually did to give rise to these charges, the actual

22  conduct which gave rise to the criminal complaint, and this

23  includes -- excuse me, which gave rise to this indictment.

24  And this includes conduct outside of just the conduct charged

25  in the two counts that you're pleading guilty to.  Do you

1    understand this?

2    A.  Yes, sir.

3    Q.  So although you're pleading guilty to brandishing a

4    firearm, the guidelines permit the Court to consider other

5    conduct other than just those two instances of brandishing a

6    firearm.  Do you understand this?

7    A.  Yes, sir.

8    Q.  The guidelines also take into account the victim of your

9    offense, the role that you played, whether or not you have

10   engaged in any obstruction of justice, or have accepted

11   responsibility for your acts.  Do you understand this?

12          (Defendant conferring with counsel.)

13   A.  Yes, I understand.

14   Q.  You understand all those factors?

15   A.  Yes, sir.

16   Q.  Do you understand that your criminal history is an

17   important factor in applying the sentencing guidelines?

18   A.  Yes, sir.

19   Q.  While the guidelines are advisory, the Court will give

20   great consideration to the sentence that the guidelines

21   recommend.  Do you understand this?

22   A.  Yes, sir.

23   Q.  After this hearing, but prior to sentencing, a

24   presentence report must be prepared by the probation office

25   of the court.  This presentence report will set forth your

1    personal history as well as the facts of this case.  You

2    understand that until this presentence report is completed,

3    it is impossible for either your attorney or for the Court to

4    know precisely how the guidelines will apply to your case?

5    Do you understand this?

6    A.  Yes, sir.

7    Q.  You understand the presentence report has not been

8    prepared yet?  You understand?

9    A.  Yes, sir.

10   Q.  It will be prepared after this hearing but prior to the

11   time of your sentence, and without seeing the presentence

12   report, it's impossible for even the most experienced

13   attorney to predict exactly how the guidelines will apply to

14   your case.  Do you understand?

15           THE COURT:  Go ahead.

16           (Defendant conferring with counsel.)

17           THE DEFENDANT:  I understand.

18   BY THE COURT:

19   Q.  You understand?

20   A.  Yes, sir.

21   Q.  The Court will follow the procedures set forth in the

22   sentencing guidelines in determining your sentence, and it

23   can only do that after receiving the presentence report.  Do

24   you understand?

25   A.  Yes, sir.

1  Q.  Sometimes it's necessary to resolve disputes that arise

2  about information contained in the presentence report, and

3  the resolution of those disputes may affect how the

4  guidelines will apply to your case.  Do you understand this?

5  A.  Yes, sir.

6  Q.  Have you discussed the sentencing guidelines with Mr.

7  Diamonstein?

8  A.  Yes, sir.

9  Q.  And has he explained to you the various considerations

10  which go into determining how the guidelines will apply to

11  your case?

12  A.  Yes, sir.

13  Q.  And do you understand at this point it's unlikely that

14  Mr. Diamonstein can be specific as to how the guidelines will

15  apply because he has not seen the presentence report because

16  it has not yet been prepared?  You understand this?

17  A.  Yes, sir.

18  Q.  Now, Mr. Tucker, you understand that you will not be

19  permitted to withdraw your guilty plea on the ground that

20  your attorney's prediction of the guideline range later

21  proves to be inaccurate?  Do you understand this?

22  A.  Can you repeat that, please?

23  Q.  In other words, your attorney may have given you his

24  estimate of what the sentencing guidelines will call for

25  based on his experience and his understanding of the case,

1    but he cannot know for sure what the sentencing guidelines
2    will say until he sees the presentence report.  And the point
3    that I want to make to you in the proceeding is that if your
4    attorney has given you an estimate, his own estimate is only
5    an estimate, and you will not be able to withdraw your guilty
6    plea if his estimate turns out to be wrong later.  Do you
7    understand that?
8    A.  Yes, sir.
9    Q.  Go ahead.  You can speak to Mr. Diamonstein.
10           (Defendant and counsel conferring.)
11   Q.  Do you understand?
12   A.  Yes, sir.
13   Q.  Do you have any questions for me?
14   A.  No, sir.
15   Q.  All right.  I don't know what the sentencing guidelines
16   are going to say either.  Neither does Mr. Zlotnick.  The
17   point I want you to understand, Mr. Tucker, is that none of
18   us know what the sentencing guidelines will say about your
19   case until after the presentence report is completed.  Do you
20   understand this?
21   A.  Yes, sir.
22   Q.  And do you understand regardless of what discussions
23   you've had with your attorney, once you enter a guilty plea,
24   you will not be permitted to withdraw it based on the
25   inaccuracy or if your attorney has underestimated what the

1    guidelines provide?  Do you understand?

2    A.  Yes, sir.

3    Q.  Under -- go ahead.  You need to speak to Mr. Diamonstein?

4        (Defendant confering with counsel.)

5            THE COURT:  Are you ready to go forward, Mr. Tucker?

6            THE WITNESS:  Yes, sir.

7    BY THE COURT:

8    Q.  Under some circumstances you or the United States may

9    have the right to appeal your sentence and to proceed without

10   paying a filing fee if you qualified for indigent status.

11   You would have a right to appeal ordinarily.  However, in

12   your plea agreement, there is a provision whereby you waived

13   your right to appeal any sentence imposed on any ground

14   whatsoever so long as that sentence is within the statutory

15   maximum for your offense.  You understand this?

16   A.  Yes, sir.

17   Q.  The statutory maximum for both these counts is life in

18   prison, and as a result you are giving up your right to

19   appeal any sentence the Court imposes on either of these

20   counts up to and including life in prison.  You understand

21   this?

22   A.  Yes, sir.

23   Q.  Are you also aware that the United States is not giving

24   up any right it may have to appeal the Court's sentence?

25   A.  Yes, sir.

```
 1   Q.  Are you entering this plea agreement freely and
 2   voluntarily?
 3   A.  Yes, sir.
 4           THE COURT:  All right.  I'll accept the plea
 5   agreement and ask that it be filed.  Mr. Diamonstein --
 6           MR. DIAMONSTEIN:  Yes, sir.
 7           THE COURT:  -- has the defendant been competent and
 8   able to cooperate with you in this case?
 9           MR. DIAMONSTEIN:  He has, Your Honor, and I would
10   note to the Court that back last year, he -- the competency
11   was done on him to ensure that he was able to make sure that
12   there weren't any issues with that, and it was returned back
13   to Judge Davis, and as it turned out, he was competent and
14   able to proceed forward.
15           THE COURT:  There has already been a competency
16   evaluation?
17           MR. DIAMONSTEIN:  That's correct.  That was done
18   back last year.
19           THE COURT:  Have you discussed the facts of the case
20   in detail with him?
21           MR. DIAMONSTEIN:  We have, Your Honor.
22           THE COURT:  Are you satisfied there are no
23   meritorious defenses the defendant might raise which in your
24   opinion would result in a not guilty verdict by the jury?
25           MR. DIAMONSTEIN:  I am satisfied, Your Honor.
```

1          THE COURT:  Are you satisfied that Mr. Tucker's

2    constitutional rights have been observed thus far in the

3    case?

4          MR. DIAMONSTEIN:  They have been, Your Honor.

5          THE COURT:  Are you satisfied that as the defendant

6    stands there he's not under the influence of any drugs,

7    narcotics, marijuana or alcohol?

8          MR. DIAMONSTEIN:  That's correct, Your Honor.

9          THE COURT:  Do you know of any reason of any nature

10   which would prevent the defendant from pleading guilty to

11   counts four and six?

12         MR. DIAMONSTEIN:  No, Your Honor.

13   BY THE COURT:

14   Q.  Mr. Tucker, I'm going to read both of these counts to you

15   and then ask for your plea to each one.  Count four of the

16   indictment charges that on or about January 23, 2012, in the

17   Eastern District of Virginia, defendants Michael Jay Tucker

18   and Lindsay Nathaniel George, aided and abetted by one

19   another, did knowingly use, carry, possess and brandish a

20   firearm during and in relation to and in furtherance of the

21   commission of a crime of violence for which they may be

22   prosecuted in a court of the United States, to wit:

23   Conspiracy to obstruct, delay and affect commerce by robbery

24   as charged in count one above and interference with commerce

25   by robbery, as charged in count three above, in violation of

1   Title 18 of the United States Code, Sections 924(c)(1) and

2   (2).

3          Now, Mr. Tucker, having heard the charge against you

4   in count four of the indictment, how do you plead, guilty or

5   not guilty?

6          THE COURT:  You can speak to Mr. Diamonstein.  Mr.

7   Tucker, I'm not asking for Mr. Diamonstein's plea, so confer

8   with him, and I want you to answer the question, all right.

9          (Defendant and counsel conferring).

10         THE COURT:  Let me ask you the question again.  Have

11  you had adequate time to confer with Mr. Diamonstein?

12         THE WITNESS:  Yes, sir.

13  BY THE COURT:

14  Q.  Now, I read count four to you which alleges that on

15  January 23, 2011, you brandished a firearm in connection with

16  the robbery.  How do you plead to count four, guilty or not

17  guilty?

18  A.  Guilty.

19  Q.  I'm now going to read count six.  Count six charges that

20  on or about January 23, 2011, in the Eastern District of

21  Virginia, Defendants Michael Jay Tucker and Lindsay Nathaniel

22  George, aided and abetted by one another, did knowingly use,

23  carry, possess and brandish a firearm during and in relation

24  to and in furtherance of the commission of a crime of

25  violence for which they may be prosecuted in a court of the

1    United States, to wit:  Conspiracy to obstruct, delay and
2    affect commerce by robbery as charged in count one above and
3    interference with commerce by robbery as charged in count
4    five above, in violation of Title 18 of the United States
5    Code, Sections 924(c)(1) and (2).
6         Now, Mr. Tucker, having heard the charges against you
7    in count six, how do you plead, guilty or not guilty?
8    A.  Guilty.
9    Q.  Are you entering both of these guilty pleas freely and
10   voluntarily?
11   A.  Yes, sir.
12   Q.  And are you pleading guilty because you are, in fact,
13   guilty of both of these offenses?
14   A.  Yes, sir.
15   Q.  Mr. Tucker, before accepting your guilty plea, the Court
16   is required to confirm that it is supported by facts, that
17   is, that there are facts upon which you and the United States
18   agree that would be sufficient to sustain a conviction if
19   this matter were to proceed to trial.
20        I'm asking Mr. Wallace to hand you a copy of the
21   statement of facts, and I'd ask you to review this statement,
22   Mr. Tucker, and tell me if you recognize this as the
23   statement of facts in the case?  Do you recognize it?
24   A.  Yes, sir.
25   Q.  Did you review that written statement with your attorney?

1  A.  Yes, sir.

2  Q.  Did you initial each page and sign at the back?

3  A.  Yes, sir.

4           THE COURT:  And, Mr. Diamonstein, did you also

5  review, initial and sign the statement of facts?

6           MR. DIAMONSTEIN:  I did, Your Honor.

7           THE COURT:  Mr. Zlotnick, on behalf of the United

8  States, did you review, initial and sign the statement?

9           MR. ZLOTNICK:  I did, sir.

10           THE COURT:  And, Mr. Zlotnick, is this copy

11  identical to the one that was prepared for my review in

12  chambers?

13           MR. ZLOTNICK:  It is.

14           THE COURT:  All right.  If you could return it to

15  Mr. Wallace, please.

16  BY THE COURT:

17  Q.  Now, Mr. Tucker, having reviewed the statement of facts,

18  do you agree with everything contained in this statement?

19  A.  Yes, sir.

20  Q.  Is there anything contained in the statement of facts

21  that you disagree with or take exception to?

22  A.  No, sir.

23  Q.  And do you agree that if this case went to trial that the

24  United States would be able to prove all of these facts

25  beyond a reasonable doubt?

1   A.  Yes, sir.

2           THE COURT:  I'll accept the statement of facts and

3   ask that it be filed.

4           Mr. Tucker, based upon the colloquy that we've

5   conducted, it is the finding of the Court in the case of

6   United States versus Michael Jay Tucker, criminal case number

7   4:12cr28, that you are fully competent and capable of

8   entering an informed plea and that your plea of guilty is a

9   knowing and voluntary plea which is supported by an

10  independent basis in fact.

11          As a result, I have entered an order accepting your

12  guilty plea.  It remains, however, for Judge Davis to find

13  you guilty and to impose sentence.  Do you understand this?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  You should be aware that Judge Davis may

16  not enter a finding of guilt until after the presentence

17  report is completed.  Accordingly, he may withhold finding

18  you guilty until after the report is finalized and any

19  factual disputes are resolved.  Do you understand this?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  It's my understanding, Mr. Diamonstein,

22  Mr. Zlotnick, that you all have agreed with Judge Davis on

23  April 26 at 10 a.m. in Newport News for sentencing; is that

24  right?

25          MR. DIAMONSTEIN:  That's correct, Your Honor.

1            MR. ZLOTNICK:  That's correct, sir.

2            THE COURT:  All right.  Mr. Tucker, we are going to

3    set the case for sentencing on April 26, 2013 at 10 a.m.

4    before Judge Davis.  Between now and that time, a written

5    presentence report will be prepared, and you'll be asked to

6    give information for this report.  You have the right to have

7    your attorney with you at any interview conducted by the

8    probation office so long as the office is notified in writing

9    within three business days of today's guilty plea.

10            This is outlined in the sentencing procedures order

11    which you have endorsed and you'll receive a copy.  You or

12    your attorney must read the presentence report which will be

13    available at least 35 days prior to sentencing.

14            You must file any objections you have to the

15    information contained in the presentence report, you must

16    file these objections in writing no later than 14 days after

17    receiving the presentence report.  If you fail to object in

18    writing, that will constitute a waiver of your right to

19    object and your admission that everything contained in the

20    presentence report is true.  You understand this?

21            THE DEFENDANT:  Yes, sir.

22            THE COURT:  If any party does object to the

23    presentence report, it's that party's obligation to try to

24    resolve the objection by conferring with opposing counsel and

25    the probation office.  If the parties do resolve the

1    objection, they should file a stipulation to that effect with

2    the Court.  Regardless of whether there are any disputes

3    outstanding, your attorney and the attorney for the United

4    States should file with the Court seven days prior to

5    sentencing a pleading outlining your respective positions

6    regarding the sentence.

7              Judge Davis will take whatever action he deems

8    necessary concerning any disputes that remain, and he may

9    modify this sequence or continue the date set for sentencing

10   if he believes that's necessary.  Do you understand?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  Both you and your attorney will have the

13   opportunity to speak and to present evidence at the

14   sentencing hearing.  Do you understand?

15             THE DEFENDANT:  Yes, sir.

16             THE COURT:  All right.  I've entered the sentencing

17   procedures order.  I've entered an order accepting the guilty

18   plea.

19             Mr. Diamonstein, is there anything further on behalf

20   of Mr. Tucker today?

21             MR. DIAMONSTEIN:  Nothing further, Your Honor.

22             THE COURT:  Mr. Zlotnick, anything further on behalf

23   of the United States?

24             MR. ZLOTNICK:  No, sir.

25             THE COURT:  All right.  Defendant's remanded.

1             (Hearing adjourned at 2:54 p.m.)

2

3                     CERTIFICATION

4

5       I certify that the foregoing is a correct transcript

6   from the record of proceedings in the above-entitled matter.

7

8

9          X_____/s/_____x

10                  Jody A. Stewart

11                  X_____7-29-2013_____x

12                  Date

13

14

15

16

17

18

19

20

21

22

23

24

25